*944 MURPHY, J.,
concurring and concurring in the judgment.
This court will reverse the district court’s grant of summary judgment in favor of Bosch if Mr. AlNahhas is able to identify facts sufficient to establish “an inference of the presence of each element essential to the case.” Savant Homes, Inc. v. Collins, 809 F.3d 1133, 1138 (10th Cir. 2016) (quotation omitted). As to Mr. AlNa-hhas’s design defect claim, the relevant evidence is so scant I perceive only one sliver that justifies reversal: Dr. Anderson’s testimony the disc was defectively designed because, when it reached the end of its useful life, it failed “ballisti-cally” instead of “benignly.” Although Dr. Anderson did not offer an alternative design or opine that one is even feasible, such evidence is not necessary. Majority Op. at 934.
Most of Dr. Anderson’s other testimony is less than clear on the design defect issue. To use the Majority’s example, Bosch asserts Dr. Anderson acknowledged Mr. AlNahhas was not injured by the separation of the foam from the insertion plate even though he identified separation as the design defect. Majority Op. at 924. The Majority labels this assertion a “distortion” of the evidence, supporting its characterization with an exceipt from Dr. Anderson’s deposition testimony. Id. In that testimony, however, Dr. Anderson discusses fracture, not separation. Id. True, Dr. Anderson later testified that material separation can cause the disc to fracture. But he also testified, consistent with Bosch’s argument, that he saw “no separation from the foam and the plastic insertion plate” in Mr. AlNahhas’s case.
Rather than illustrating a distortion of the evidence by Bosch, this example exposes the confusing and conflicting nature of Dr. Anderson’s testimony. It also calls into question the relevance of Dr. Anderson’s lengthy testimony about material separation. The issues surrounding Dr. Anderson’s testimony and report are best left to the district court to resolve in the first instance by conducting a Daubert analysis or otherwise addressing Bosch’s challenges. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (describing a district court’s gatekeeping function with respect to expert scientific testimony).
Because I do not fully agree with the Majority’s analysis of the design defect claim, as to that claim I concur in the judgment only.